# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GRANT QUICK, | ) NO. CV 17-5553-KS |
|       Petitioner, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| SCOTT KERNAN, | ) |
|       Respondent. | ) |

## INTRODUCTION

On July 27, 2017, Petitioner, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. Nos. 1, 4.) On August 2, 2017, the Court ordered Respondent to file a response to the Petition. (Dkt. No. 5.) Both parties consented pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b) to have the undersigned United States Magistrate Judge preside over the matter. (Dkt. Nos. 2, 8, 11.) On October 11, 2017, Respondent filed an Answer to the Petition along with ten lodgments comprising the record in Petitioner's state court proceedings. (Dkt. Nos. 9, 10.) On October 27, 2017, Petitioner filed a "Denial to the Answer," which the Court liberally construes as Petitioner's traverse to the Answer. (Dkt.

1

No. 12.) Briefing in this case is now complete and the matter is under submission. Petitioner then filed three Notices of Change of Address, the last of which was filed on January 22, 2018. (Dkt. Nos. 13, 14, 15.) In his last Notice, Petitioner informed the Court he had been released on January 5, 2018 and provided as his new address the address of a man he claimed was his attorney. (Dkt. No. 15.) The Court issued a Minute Order on January 26, 2018 ordering Petitioner to notify the Court of Petitioner's current address within fifteen days and advising Petitioner that if he had an attorney, his attorney needed to file a Notice of Appearance in this action. (Dkt. No. 16.)

On March 6, 2018, the Court ordered Petitioner to Show Cause by April 5, 2018 why his case should not be dismissed for failure to prosecute and timely comply with court orders. (Dkt. No. 17.) The Court has not received any communication from any attorney on Petitioner's behalf and the Court has not received any communication from Petitioner since his last Notice of Change of Address on January 22, 2018. (*See* Dkt. No. 15.) The Court, therefore, may conclude that pursuant to Federal Rule of Civil Procedure 41(b), the Petition is subject to dismissal for failure to comply with court orders as stated in the OSC, but because briefing is complete, the Court will decide the Petition on the merits.

**PRIOR PROCEEDINGS**

On June 10, 2015, the District Attorney of San Luis Obispo County, California filed an Information against Petitioner for, *inter alia*, possession for sale of a controlled substance (methamphetamine) in violation of California Health and Safety Code section 11378. (Clerk's Transcript on Appeal ("CT") 5[1]; Lodg. No. 2; Dkt. No. 10-2.) On June 29, 2015, Petitioner through counsel, filed a Motion to Suppress Evidence pursuant to California Penal Code section 1538.5 on the grounds that the search of Petitioner's "vehicle was conducted

---

[1] For ease of reference, the Court uses the page numbers assigned by its electronic docketing system.

2

without a warrant and without probable cause." (CT 14-17.)  The People filed an Opposition to the Motion to Suppress on July 10, 2015, arguing that the warrantless search of Petitioner's vehicle was lawful under the "automobile exception." (CT 18-25.)  On July 20, 2015, Petitioner filed a Response to the People's Opposition. (CT 27-33.)  On July 22, 2015, the California Superior Court held a hearing on the Motion to Suppress. (Reporter's Transcript ("RT") 55; Lodg. No. 1; Dkt. No. 10-1.)  The trial court ruled that evidence obtained in the warrantless search of Petitioner's vehicle at the time of his arrest was admissible. (RT 112-14.)

On October 13, 2015, Petitioner pled no contest before a California Superior Court Judge to the felony charge of possession for sale of a controlled substance in violation of California Health and Safety Code section 11378 and admitted a prior strike. (RT 118, 125.) On December 7, 2015, the trial court sentenced Petitioner to four years in state prison. (RT 131, 136.)

Petitioner appealed. (CT 37.)  On November 22, 2016, the California Court of Appeal, in a published decision, affirmed the trial court's judgment on the Motion to Suppress. (*People v. Quick*, 5 Cal. App. 5th 1006 (2016); Lodg. Doc. 6; Dkt. No. 10-6.)  On January 11, 2017, the California Supreme Court allowed Petitioner to file an Untimely Petition for Review (Lodg. No. 9; Dkt. No. 10-9), but later denied that petition without comment or citation to authority on March 15, 2017 (Lodg. No. 10; Dkt. No. 10-10).  On July 27, 2017, Petitioner filed the instant Petition. (Dkt. No. 1.)

**SUMMARY OF EVIDENCE**

The following factual summary from the California Court of Appeal's published decision on direct review is provided as background.  *See also* 28 U.S.C. § 2254(e)(1) ("[A]

determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence.).

Atascadero Police Officer Matthew Chesson received a call from a narcotics detective that [Petitioner] had just left his residence in a black Mercury. Earlier that day, Officer Chesson was advised that appellant was involved in narcotics activity and had multiple firearms.

Officer Chesson followed [Petitioner], saw him commit three Vehicle Code violations and stopped him. He explained to [Petitioner] that his brake lights were not working properly. [Petitioner] said that he had recently rewired the car and may have incorrectly connected the wires. Officer Chesson noticed that [Petitioner]'s pupils were constricted, he was exhibiting facial tremors, and open sores on his face. These were symptoms of a person under the influence of a controlled substance. [Petitioner] admitted using Percocet and marijuana earlier in the day.

[Petitioner] was asked to step out of the car for a field sobriety test. He refused. Officer Chesson knew that [Petitioner] was a convicted felon with access to firearms. For officer safety purposes, he called for back-up. [Petitioner] eventually got out of the car, removed his jacket and tossed it on the driver's seat. [Petitioner] then rolled up the car window, tossed his keys inside the car, and locked and shut the car door.

Officer Chesson conducted field sobriety tests, determined that [Petitioner] was under the influence of a controlled substance, and arrested [Petitioner] for driving under the influence.

Sergeant Jason Carr assisted in the arrest and ordered that [Petitioner]'s vehicle be towed because it was blocking a driveway. The driveway owner, a friend of [Petitioner], said that the vehicle could stay parked where it was. However, it was parked 24 inches into the roadway creating a traffic hazard.

Officers conducted a vehicle inventory search, finding 25.9 grams of methamphetamine (259 to 518 single doses) in the jacket pocket, two methamphetamine pipes, and a Taser.

Denying the motion [to suppress evidence], the trial court found that Officer Chesson had a rational suspicion to effectuate the traffic stop and probable cause to arrest [Petitioner] for driving under the influence of a controlled substance. It also said that [Petitioner] "took steps … which made it difficult or impossible for the police to do a simple search incident to arrest when he locked the car and threw the keys in it." Officer Chesson "had legal authority to search the interior of the car since he was arresting [[Petitioner]] for [being] under the influence of a controlled substance or driving under the influence." Finally it found that the inventory search was conducted pursuant to standard vehicle impound procedures and not for investigatory purposes.

(*People v. Quick*, 5 Cal. App. 5th 1006, 1009-10 (2016); Lodg. No. 6 at 2-4.)

## PETITIONER'S HABEAS CLAIMS

Petitioner presents the following grounds for habeas relief.

\\
\\
\\

*Ground One*: The trial court erred in failing to suppress evidence obtained from an inventory search of Petitioner's vehicle because the search violated his Fourth Amendment rights. (Petition at 5, 20; *see also* Lodg. No. 3 at 15-20.)

*Ground Two*: The trial court erred in failing to suppress evidence obtained from a search incident to arrest of Petitioner's vehicle because the search was invalid under the Fourth Amendment. (Petition at 5, 28; *see also* Lodg. No. 3 at 20-27.)

**JURISDICTION**

Although Respondent has not argued that this Court lacks jurisdiction, because Petitioner has now been released from prison, the Court will briefly address the issue *sua sponte*. The Court's jurisdiction over a habeas petition is determined by Petitioner's custody status at the time the petition was filed, so a petitioner's release from prison or probation after the petition was filed does not vitiate jurisdiction. *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005), *cert. denied*, 547 U.S. 1128 (2006); *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968). Further, a petition does not necessarily become moot upon a petitioner's release from prison or probation because there is "an irrebutable presumption that collateral consequences result from any criminal conviction," such as longer sentences on future convictions. *Id.* Here, Petitioner raises claims that attack the validity of his conviction as opposed to the length of the sentence that he served, consequently his claims are not moot. *See North Carolina v. Rice*, 404 U.S. 244, 247 (1971).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner whose claim has been "adjudicated on the merits" cannot obtain federal habeas relief unless that adjudication: (1) resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For the purposes of Section 2254(d), "clearly established Federal law" refers to the Supreme Court holdings in existence at the time of the state court decision in issue. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *see also Kernan v. Cuero*, 138 S. Ct. 4, 9 (2017) (per curiam) ("circuit precedent does not constitute clearly established Federal law . . . . [n]or, of course, do state-court decisions, treatises, or law review articles") (citations omitted). "A Supreme Court decision is not clearly established law under § 2254(d)(1) unless it 'squarely addresses the issue' in the case before the state court… or 'establishes a legal principle that "clearly extends"' to the case before the state court." *Andrews v. Davis*, 866 F.3d 994, 1018 (9th Cir. 2017) (citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("'It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court].'") (citation omitted).

A state court decision is "contrary to" clearly established federal law under Section 2254(d)(1) only if there is "a direct and irreconcilable conflict," which occurs when the state court either (1) arrived at a conclusion opposite to the one reached by the Supreme Court on a question of law or (2) confronted a set of facts materially indistinguishable from a relevant Supreme Court decision but reached an opposite result. *Murray v. Schriro*, 745 F.3d 984, 997 (9th Cir. 2014) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established Federal law under Section 2254(d)(1) if the state court's application of Supreme Court precedent was "objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). The petitioner must establish that "there [can] be no 'fairminded disagreement'" that the clearly

established rule at issue applies to the facts of the case. *See id.* at 1706-07 (citation omitted). Finally, a state court's decision is based on an unreasonable determination of the facts within the meaning of 28 U.S.C. § 2254(d)(2) when the federal court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record before the state court." *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) (citation omitted). So long as "'[r]easonable minds reviewing the record might disagree,'" the state court's determination of the facts is not unreasonable. *See Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (citation omitted).

AEDPA thus "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *White v. Wheeler*, 136 S. Ct. 456, 460 (2015) (per curiam) (citation omitted). Petitioner carries the burden of proof. *See Pinholster*, 563 U.S. at 181.

**DISCUSSION**

**I.     Petitioner Failed To Comply With Court Orders**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions "if the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Eight months have passed since Petitioner filed the Petition. More than six months have passed since Respondent filed the Answer. Six months have passed since Petitioner filed his Denial to the Answer in which he simply wrote he denied the allegations in the Answer. Three months have passed since the Court ordered Petitioner to file a Notice of Change of Address. Over one month has passed since the Court ordered Petitioner to show cause why his case should not be dismissed, but Petitioner has yet to comply despite the Court's clear instructions and warnings. Petitioner's failure to comply with court orders and filing deadlines hinders the Court's ability to move this case toward noticed disposition in a timely manner.

The third factor – prejudice to Respondent – is neutral. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Prejudice usually results from "loss of evidence or loss of memory of a witness." *In re Eisen*, 31 F.3d at 1453. More than six months has passed since Respondent filed the Answer, but Respondent's Answer is based on Petitioner's state court proceedings memorialized in the lodge documents filed by Respondent in this case. So while six months is a long delay, Respondent does not appear to be in danger of losing evidence or witness memories. So this factor is neutral.

The fourth factor – the availability of less drastic sanctions – weighs against dismissal. The Court attempted to avoid outright dismissal by giving Petitioner approximately three months to file a Notice of Change of Address that provided his address. Petitioner has failed to do so. The Court could reach the merits based on the Petition and Answer, but the Court would have no way of informing Petitioner of the decision. However, even if the Court is unable to currently inform Petitioner of the decision regarding his case, reaching the merits is

a possible less drastic sanction the Court can employ. The Court therefore concludes that the sanction of dismissal is not appropriate.

The fifth factor, the general policy favoring resolution of cases on the merits, counsels in favor of reaching the merits as they are ready for decision. Resolving the case on the merits is preferred and Petitioner has a responsibility to "move towards that disposition at a reasonable pace." *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). After briefing concluded, Petitioner became unreachable, but he had already sufficiently prosecuted his case to allow this Court to reach the merits. Accordingly, the court now turns to the merits.

## II. **Petitioner's Fourth Amendment Claims One And Two Do Not Warrant Federal Habeas Relief**

Petitioner challenges the trial court's denial of his motion to suppress evidence obtained during a search of his vehicle after he was arrested whether the search was an inventory search (Ground One) or a search incident to arrest (Ground Two) because, Petitioner contends, the search allegedly violated his Fourth Amendment rights.

### A. Applicable Law

The United States Supreme Court held, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (citations omitted) (superseded by

statute on other grounds). California law, through California Penal Code section 1538.5, provides an avenue for defendants to litigate their Fourth Amendment claims as expressed in *Stone*. *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The Ninth Circuit has held *Stone* remains good law even after the passage of AEDPA. *Newman v. Wengler*, 790 F.3d 876 (9th Cir. 2015) (per curiam).

**B. Analysis**

Both of Petitioner's claims seek federal habeas relief on Fourth Amendment grounds based on the state trial court's determination of a motion to suppress evidence. Petitioner does not state whether he is alleging that his opportunity for "full and fair litigation" in state court was violated because the motion hearing was not "full," because it was not "fair," or both. Petitioner instead appears to argue the merits of the suppression motion again in his Petition by alleging that the underlying facts of the police officer's traffic stop, which led to his arrest and the following search of his vehicle, were false. (Petition at 6-8.) Petitioner also argues that the search, whether construed as an inventory search or search incident to arrest, was unconstitutional. (Petition at 14.) Neither of these arguments are cognizable in federal habeas. The only question this Court can consider is whether Petitioner had the opportunity to argue his Fourth Amendment claims in state court. *Stone*, 428 U.S. at 494.

Petitioner not only had the opportunity to argue his Fourth Amendment claims in state court, he *did* argue them in state court. Petitioner filed a motion to suppress evidence as provided under California Penal Code section 1538.5 (CT 14-17) in which he presented the very arguments re-asserted here. He raised these issues again after the People filed their Opposition to the motion to suppress (CT 18-25) in his Response to the Opposition (CT 27-33). Not only did Petitioner have a hearing on his Fourth Amendment claims (RT 55), he had a hearing following full briefing of the issue by both parties. Petitioner was also able to

and did appeal the state trial court decision on his Fourth Amendment claims to the California Court of Appeals and the California Supreme Court. (Lodg. Nos. 6-10.)

Accordingly, the Court finds that Petitioner had a full and fair hearing on his Fourth Amendment claims. The Petitioner's effort to re-litigate the admissibility of the evidence obtained from Petitioner's vehicle and the constitutionality of the vehicle search, whether it was an inventory search or search incident to arrest, are therefore not cognizable in federal habeas review. *See Stone*, 428 U.S. at 494.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is dismissed; and (2) JUDGEMENT shall be entered dismissing this action with prejudice.

DATE: May 16, 2018

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE